IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RUBIN WEEKS     PETITIONER

V.     CIVIL ACTION NO. 4:23-CV-00092-SA-DAS

MARC MCCLURE, et al.     RESPONDENTS

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Rubin Weeks for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as moot or, in the alternative, as time-barred. The petitioner has failed to respond to the motion, and the matter is ripe for resolution. For the reasons set forth below, Respondents' motion will be granted, and the instant petition will be dismissed.

### Factual and Procedural Background

The factual and procedural background for this matter is quite lengthy, and will be set forth categorized in various stages:

*Mississippi Sentences and Detainer and Missouri Sentences*

On August 22, 1988, the Scott County Circuit Court sentenced Weeks to a term of four years in the custody of Mississippi Department of Corrections ("MDOC") pursuant to his guilty plea for burglary of a commercial building. Doc. # 11-1. Just a few months later, on November 23, 1988, the Bolivar County Circuit Court sentenced Weeks to serve a term of ten years in MDOC custody pursuant to his guilty plea to five counts of uttering a forgery, with the first count to run concurrently with his Scott County sentence, and the remaining four counts to run concurrently with each other. Doc. # 11-2. The following year, on July 10, 1989, the Coahoma County Circuit Court sentenced Weeks to a term of four years in MDOC custody pursuant to his guilty plea in another uttering a

forgery case, with the sentence to run concurrently with "any and all sentences previously imposed." Doc. # 11-3.

Weeks was released on parole on June 7, 1990. Doc. # 11-5. On September 16, 1991, MDOC issued a warrant for Weeks' arrest after it placed a "hold" on Weeks "for absconding and non-payment", which tolled his time on parole "pending his compliance with the rules of his parole and the sentenc[ing] orders." *See* Doc. #s 11-6, 11-7. In a letter dated November 8, 1991, MDOC requested that the Sheriff's Department in Cape Girardeau County, Missouri, "lodge the attached certified copies of [MDOC's] warrant together with identification as a detainer[.]" Doc. # 11-8; *see also* Doc. # 11-9 (Detainer identifying Weeks' Mississippi convictions and sentences).

On February 13, 1992, Weeks pled guilty to charges of kidnapping and rape in a Missouri state court. *Weeks v. Bowersox*, 119 F.3d 1342, 1344 (8th Cir. 1997). The Missouri state court sentenced Weeks to a term of thirty (30) years on the kidnapping charge and a term of life on the rape charge, with the sentences to run concurrently.[1] *Id.* at 1347. On March 2, 1994, MDOC sent a letter to the Missouri Department of Corrections, requesting that they "lodge the attached certified copy of [MDOC's] warrant as a detainer[.]" Doc. # 11-10 at 1. The Missouri Department of Corrections responded that "[a] detainer ha[d] been previously placed against [Weeks] in [MDOC's] favor effective March 23, 1992." *Id.* at 2.

*Weeks' Challenges to the Mississippi Detainer and Revoked Mississippi Sentences*

During his incarceration in Missouri, Weeks sent numerous inquiries to MDOC regarding the aforementioned detainer and status of his Mississippi sentences. *See* Doc. # 11-11. MDOC responded to each of these inquiries, clearly advising Weeks that, as a "parole violator", his "Mississippi sentence [wa]s not running concurrent with [his] Missouri sentence[,]" and that once he had

---

[1] Weeks repeatedly challenged his Missouri guilty pleas and sentences in Missouri state court with no success. *See, e.g., Weeks*, 119 F.3d at 1347; *Weeks v. State*, 140 S.W.3d 39 (Mo. 2004); *Weeks v. Wallace*, No. 4:94-CV-1704 CAS, 2013 WL 812112, at *4 (E.D. Mo. Mar. 5, 2013).

2

completed his sentence in Missouri, he would "be transported back to Mississippi" for a parole revocation hearing, and resume serving the remainder of his Mississippi sentence."[2] *Id.* at 2-4. Further, in a letter dated March 6, 2012, MDOC emphatically informed Weeks that he had "not completed [his] sentence with the Mississippi Department of Corrections." *Id.* at 1.

While serving his Missouri sentences, Weeks challenged the Mississippi detainer and revoked sentences on multiple occasions. He filed two documents, styled as a "Petition for Writ of Habeas Corpus" on October 18, 1994, and November 7, 1994, in the Scott County Circuit Court, both of which the circuit court "dismissed for failure to state a cause for relief" on December 27, 1994. Doc. # 11-12. At some point, Weeks filed a motion for post-conviction collateral relief ("PCR motion") in the Hinds County Circuit Court, and the circuit court denied that motion by order entered June 7, 1995. Doc. # 11-13. A review of the Mississippi Supreme Court website shows that Weeks failed to appeal either of these trial court decisions denying him post-conviction relief.

A decade went by, and then on June 13, 2005, Weeks filed a PCR motion in the Hinds County Circuit Court; Weeks attacked the constitutionality of the Mississippi detainer on the basis that he had completed service of the sentences that were the subject of that detainer. Doc. # 12-1 at 5-14. Six years passed and Weeks filed yet another PCR motion in Hinds County Circuit Court on November 21, 2011, in which he again argued the detainer was unlawful because his Mississippi sentences had allegedly expired. *Id.* at 36-51.

The Hinds County Circuit Court entered an order on May 8, 2012, finding that Weeks was not entitled to post-conviction collateral relief and denying his motion[s] with prejudice. *Id.* at 90. Weeks appealed the trial court's decision, but the Mississippi Court of Appeals dismissed the appeal for lack

---

[2] Mississippi law requires that sentences for parole revocation and a new felony committed while on parole be served consecutively. *See* Miss. Code Ann. § 47-7-29. Mississippi law further provides that "[a]n offender convicted of a felony committed while on parole, whether in the State of Mississippi or another state, *shall immediately* have his parole revoked upon presentment of a certified copy of the commitment order to the board." Miss. Code Ann. § 47-7-27(5) (emphasis added).

of jurisdiction, finding that there was no evidence in the record of a parole hearing or formal revocation of Weeks' parole, and further, that Weeks must file any PCR motion "in the trial court wherein sentencing was initially imposed." *Weeks v. State*, 139 So.3d 727, 729 (Miss. Ct. App. 2013) (citation omitted); *see also* Doc. # 11-14.

Weeks submitted a habeas corpus petition in the Hinds County Circuit Court on May 5, 2016, asserting twelve claims for relief related to the Mississippi detainer and revoked sentences. Doc. # 12-7 at 204-248. That same date, Weeks filed a "Petition for Writ of Mandamus or Petition for Writ of Prohibition or Petition for Writ of Habeas Corpus Under This Court's Discretionary Jurisdiction Power" in the Mississippi Supreme Court.[3] *Id.* at 251-268. Weeks took issue with the appellate court's prior disposition of his PCR motion and again challenged the Mississippi detainer and revoked sentences. *Id.* On July 6, 2016, the Mississippi Supreme Court denied Weeks' petition, simply finding it not well-taken. Doc. # 11-15.

Weeks filed three federal habeas petitions challenging his detainer and revoked sentences in the District Court for the Southern District of Mississippi. *See Weeks v. State*, 3:15cv283-CWR-FKB; *Weeks v. Mississippi*, 3:99cv734-TSL; *Weeks v. State*, 3:94cv523-TSL-AGN. The district court dismissed the first petition without prejudice for failure to exhaust state court remedies, *see* 3:94cv523-TSL-AGN at Doc. #s 4, 5, and dismissed the second one with prejudice as time-barred. *See* 3:99cv734-TSL at Doc. #s 19, 20. The district court dismissed Weeks' third petition as successive. *See Weeks v. Mississippi*, No. 3:15cv283-CWR-FKB at Doc. # 28, 2016 WL 8737394, at *1 (S.D. Miss. Jan. 15, 2016); *see also* Doc. # 11-16.

On appeal, the Fifth Circuit concluded that the district court should have construed Weeks' (third) petition under 28 U.S.C. § 2241, instead of 28 U.S.C. § 2254, and because Weeks was currently

---

[3] Weeks signed the Petition on April 30, 2016, but it was stamped as filed in the Mississippi Supreme Court on May 5, 2016. Doc. # 12-7 at 251, 266.

4

serving his Missouri sentences, he should have filed his petition in Missouri. *Weeks v. Mississippi*, 689 F. App'x 297 (5th Cir. 2017). Even so, the Fifth Circuit affirmed the district court "on the alternative basis that the court lacked jurisdiction to consider the motion." *Id.* at 298.

Weeks subsequently filed a federal habeas petition in Missouri federal court on December 20, 2017, challenging both his Missouri convictions and Mississippi detainer. *Weeks v. Lewis*, 2018 WL 4961499 (E.D. Mo. Oct. 15, 2018). The Missouri district court found that "Weeks ha[d] fully litigated his claims challenging his Missouri convictions and Mississippi detainer" and, because Weeks had not obtained the necessary permission to file a second or successive petition, the district court dismissed Weeks' petition for lack of subject matter jurisdiction. *Id.* at 3.

*Formal Revocation of Weeks' Parole*

The Mississippi Parole Board officially revoked Weeks' parole on June 8, 2015, after determining that he had "more likely than not" violated the following conditions of parole release: failure to report; failure to pay supervision fees; and receipt of felony convictions for forcible rape and kidnapping in Missouri. Doc. # 11-19 at 1. The Parole Board further determined that Weeks' "time to serve" his revoked sentences would be at the "expiration of sentence." *Id.* Soon thereafter, on June 22, 2015, MDOC resubmitted its request with the Missouri Department of Corrections that a detainer be placed in Weeks' file. *Id.* at 3.

*Weeks' Reentry into MDOC Custody*

On November 4, 2022, Weeks was released on parole for his Missouri sentences and was immediately transported to Mississippi so that he could begin serving the remainder of his Mississippi sentences in MDOC custody. Doc. #s 11-20, 11-21. Weeks entered "trusty status" on December 9, 2022, entitling him to earn thirty days of credit towards his sentence for each thirty days of service. Doc. # 11-21. Just a little over six months later, on June 16, 2023, MDOC released Weeks from custody as he had finally completed service of his Mississippi sentences. Doc. # 11-22.

*Current Federal Habeas Corpus Proceedings*

On March 27, 2023, Weeks filed the instant federal habeas corpus action and challenges the Mississippi detainer and revoked sentences.[4] Doc. # 1. Respondents moved to dismiss Weeks' petition as moot, successive, and untimely filed on August 14, 2023. Doc. # 11. To date, Weeks has failed to file a response.

Mootness

Respondents first argue that this Court lacks jurisdiction because Weeks' release from MDOC custody renders his claims moot. Weeks' petition consists of various arguments, all of which pertain to one thing—a challenge to the Mississippi detainer and revoked sentences. Further, the only *apparent* relief requested by Weeks is that of "immediate discharge" from MDOC custody. *See* Doc. # 1 at 17-18. Since the filing of the instant petition, Weeks completed service of his Mississippi sentences and was "discharged" from MDOC custody.[5] *See* Doc. # 11-22. As such, Weeks has been granted the relief which he requests in the instant petition.

To maintain jurisdiction, "the court must have before it an actual case or controversy at all stages of the judicial proceedings." *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citations omitted). A case is moot when it "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke*, 150 F. App'x 329, 331 (5th Cir. 2005) (citation omitted). A case becomes moot, however, "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Herndon*, 985 F.3d at 446 (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)); *see also Salgado v. Federal Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citations omitted).

---

[4] At the time he filed his petition, Weeks was in MDOC custody and housed at the Mississippi State Penitentiary located in Parchman, Mississippi. Doc. # 1.
[5] The Discharge Certificate states that Weeks was discharged from MDOC custody on June 16, 2023. Doc. # 11-22.

A habeas petition may become moot when "[t]he main thrust" of the petitioner's application is to be released from confinement, and if petitioner is "released . . . this court can no longer provide him with that relief." *Bailey v. Sutherland*, 821 F.2d 277, 278 (5th Cir. 1987). Similarly, a petition may become moot when an "intervening factual event . . . causes the [petitioner] to no longer have a present right to be vindicated or a stake or interest in the outcome." *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998) (citations omitted).

As discussed above, since the filing of the instant federal habeas petition, Weeks completed his Mississippi sentences and was released from MDOC custody on June 16, 2023. Weeks has alleged no "concrete and continuing injuries" or "collateral consequences" flowing from the revoked sentences. *See Spencer v. Kemna*, 523 U.S. 1, 14 (1998). Moreover, the trial court(s) did not order probation or any other form of post-release supervision when sentencing Weeks on the aforementioned convictions.

In sum, the sole relief requested by Weeks—release from custody—is no longer an available remedy and, consequently, it appears that the claims raised by Weeks are now moot. The Court finds that it lacks jurisdiction to consider Weeks' petition and, therefore, that the instant case should be dismissed without prejudice. *See McBride v. Lumpkin*, 2022 WL 1800842, at *2 (5th Cir. June 2, 2022) (holding that when a district court "determined that the petition was moot, it should have dismissed the petition *without* prejudice—because to dismiss *with* prejudice is to make a determination on the merits")(citations omitted).

Statute of Limitations

Respondents alternatively argue that Weeks' petition is time-barred. Weeks' petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003), and is consequently subject to AEDPA's limitation period which provides:

7

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

The Court first notes that Weeks challenges his parole revocation rather than the underlying convictions and sentences. Weeks' parole revocation became final *at the very latest* on June 8, 2015, the date on which the Parole Board entered its decision formally revoking Weeks' parole. *See* 28 U.S.C. § 2244(d)(1)(D); *see also* Doc. # 11-19. Thus, absent statutory or equitable tolling, Weeks' federal habeas petition must have been filed on or before June 8, 2016, to be deemed timely. *See* 28 U.S.C. § 2244(d)(1) (providing that a federal habeas petition must be filed within one year of the date on which the judgment became final).

Weeks must have filed an application for post-conviction relief in state court on or before June 8, 2016, to toll the federal limitations period. *See* 28 U.S.C. § 2244(d)(2) (providing for statutory tolling while a "properly-filed" motion for post-conviction relief is pending). On April 30, 2016, Weeks signed and submitted a "Petition for Writ of Mandamus or Petition for Writ of Prohibition or Petition for Writ of Habeas Corpus Under This Court's Discretionary Jurisdiction Power" in the

Mississippi Supreme Court, in which Weeks challenged the detainer and revocation of parole. Doc. # 12-7 at 251-268. The Mississippi Supreme Court entered an Order on July 6, 2016, denying Weeks' petition as not well-taken. Doc. # 11-15. Assuming, *arguendo*, Weeks' 2016 petition to be a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim," *see* 28 U.S.C. § 2244(d)(2), he would be entitled to sixty-seven (67) days of statutory tolling during the pendency of that action. Thus, Weeks must have filed his federal habeas petition on or before August 15, 2016 (June 8, 2016 plus 67 days = August 15, 2021)[6] to be deemed timely filed.

Under the "mailbox rule," the Court considers Weeks' federal habeas petition as filed on the date that he delivered it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Weeks signed his petition on March 23, 2023, *see* Doc. # 1 at 19. As such, Weeks filed the instant petition more than six years after the August 15, 2016, deadline for filing said petition. Consequently, the Court may review the merits of Weeks' claims only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 799 (2000) (per curiam). To satisfy this burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted). Weeks has presented no arguments regarding equitable tolling, and the Court does not otherwise find equitable tolling of the limitations period to be warranted in this case.

---

[6] The deadline actually fell on Sunday, August 14, 2016, but pursuant to Rule 6 of the Federal Rules of Civil Procedure, the date is pushed back to the next weekday. Fed. R. Civ. P. (6)(a).

In sum, Weeks' petition is untimely, and Respondents' motion to dismiss with prejudice should be granted.

Successive Writ

Respondents additionally contend that Weeks' petition is barred as successive. Weeks *seemingly* has filed at least one other unsuccessful § 2254 petition concerning the Mississippi detainer and revoked sentences. *See Weeks v. State*, No. 3:99cv734-TSL-AGN (S.D. Miss). Under AEDPA, before a district court considers a second or successive petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Weeks has failed to obtain such authorization. Thus, to the extent that the instant petition constitutes a second or successive petition under AEDPA, the Court is without jurisdiction to consider it absent Weeks obtaining consent from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *In re Smith*, 142 F.3d 832, 833-34 (5th Cir. 1998); *In re Davis*, 121 F.3d 952, 952-53 (5th Cir. 1997).

Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Weeks must obtain a COA before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Weeks must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

Conclusion

Based on the foregoing discussion, the Court GRANTS Respondents' motion [11] to dismiss and DISMISSES the petition filed in this cause. The Court further DENIES a certificate of appealability. A separate judgment in accordance with this opinion and order will enter this day.

SO ORDERED, this the 29th day of November, 2023.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**